380 So.2d 555 (1980)
CITY OF MIAMI, Appellant,
v.
Edward WRIGHT, Appellee.
No. QQ-499.
District Court of Appeal of Florida, First District.
March 3, 1980.
George F. Knox, Jr., City Atty., Joseph Hackney, Jr., Asst. City Atty., for appellant.
*556 William du Fresne of du Fresne & du Fresne, Miami, for appellee.
PER CURIAM.
The appellant, City of Miami, brings this appeal from a final workers' compensation order entered June 22, 1979. The order awarded appellee, Edward Wright, compensation benefits for a 40% permanent partial disability of the body as a whole based on loss of wage earning capacity. The appellant was specifically ordered to provide appellee with further treatment "as the course of his injury requires, including, but not limited to psychiatric treatment." Appellant asserts that the award is erroneous, because: the order is unsupported by sufficient factual findings (Point I); there is insufficient showing that the appellee tested his employability in the open labor market (Point II); and the deputy failed to find a causal connection between the industrial accident and any psychiatric impairment (Point III).
Appellee, age 32, has a bachelor's degree in education. He worked as a City of Miami policeman for ten years before resigning November 1, 1978. Having previously suffered various work-related injuries, he suffered an industrial accident causing a knee injury on June 14, 1977.
In October, 1978, the treating orthopedic surgeon could not assign a permanent disability rating regarding appellee's injury, since the knee was still actively symptomatic. However, the doctor estimated a light to moderate disability, and predicted the knee would either get better with an exercise program, or get worse, possibly requiring surgery. Based on an April, 1979 examination, a second orthopedic surgeon testified appellee had no ratable permanent physical impairment at present; however, he opined that appellee could suffer further knee problems in the future. The examining psychiatrist testified that the knee injury was probably the last precipitating factor that put appellee in a state of mind where psychologically he could no longer function as a policeman. He opined that appellee needed further psychiatric treatment, but could not say whether he had reached maximum medical improvement from a psychological viewpoint.
In the opinion of this court a causal connection between the knee injury and the need for psychiatric treatment was sufficiently established. Point 3 is accordingly affirmed.
Although the treating psychiatrist was reluctant to say whether or not the claimant had reached maximum medical improvement, the need for further psychiatric treatment is uncontroverted. So long as that need exists, with a reasonable expectation of improvement, the claimant has not reached maximum medical improvement and any award of permanent benefits is error. Miami Aviation Corp. v. McAllister, IRC Order 2-2963 (May 7, 1976), cert. denied, 345 So.2d 424 (Fla. 1977); Sanz v. Eden Roc Hotel, 140 So.2d 104 (Fla. 1962). Points 1 and 2 are reversed and the cause is remanded for a determination of temporary benefits due the claimant.
ERVIN, SHIVERS and SHAW, JJ., concur.