447 So.2d 403 (1984)
John L. LEWIS, Appellant,
v.
TOWN & COUNTRY AUTO BODY SHOP and Aetna Casualty & Surety, Appellees.
No. AR-41.
District Court of Appeal of Florida, First District.
March 21, 1984.
*404 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, St. Petersburg, for appellant.
Thomas R. Bopp of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellees.
ZEHMER, Judge.
Claimant appeals the deputy commissioner's order denying his motion that the employer and carrier be required to provide further medical treatment. We reverse.
Shortly after a compensable accident on February 5, 1982, claimant was treated by Dr. Downey, a chiropractor who had treated claimant for back problems before the accident. After the employer and carrier deauthorized Dr. Downey, claimant saw an orthopedic surgeon; and after claimant expressed dissatisfaction with that physician, the employer and carrier reauthorized Dr. Downey, who continued treating claimant. Subsequently, the carrier, Aetna Casualty and Surety, denied coverage, asserting that it was not the carrier providing coverage for the employer on the date of the accident. Following a hearing on this coverage issue, the deputy entered an order on August 26, 1982, resolving the issue against Aetna and in favor of coverage.
After resolution of the carrier coverage question, the employer and carrier disputed claimant's average weekly wage and his entitlement to temporary total disability and reimbursement for medical expenses previously incurred. Among other things, the carrier took the position that maximum medical improvement was reached April 5, 1982. Claimant asserted that he had not reached that plateau. After the September 23, 1982, hearing on the merits, the deputy entered his order on September 24, 1982, in which he, among other things, awarded temporary total disability benefits up to the date of the September 23 hearing and required the carrier to pay certain medical bills. In addition, the order required the employer and carrier to:
Continue to provide to the employee-claimant that form of remedial and/or palliative medical care and attention consistent with the nature of his injury and the process of his recovery in the manner *405 and for the time period prescribed by law, leaving to the employer/carrier their statutorily created right of first selection of an orthopedic surgeon to evaluate and treat the employee inasmuch as the employee-claimant is not, in accordance with the testimony of Dr. Downey, receiving any remedial benefit from further chiropractic treatment. (Emphasis added.)
The deputy made the following finding in his September 24 order:
Dr. Downey candidly admits that the treatment being rendered by him is of a palliative nature and that the employee claimant has attained the status of maximum medical improvement and physical recovery from chiropractic treatment, but that he is in need of additional diagnostic studies and evaluations by an orthopedic surgeon, which has not to date been afforded by the employer/carrier herein. (Emphasis added.)
No appeal was taken from the September 24 order.
The employer and carrier subsequently authorized claimant to be examined by Dr. Keeler, an orthopedic surgeon. The employer and carrier advised counsel for claimant that Dr. Keeler would be authorized to treat claimant if the doctor determined that claimant needed treatment. Dr. Keeler examined claimant on October 29, 1982, and concluded that claimant had reached maximum medical improvement and was not in need of additional treatment. Accordingly, Dr. Keeler refused to see claimant further, even though claimant attempted to make further appointments with him.
On January 3, 1983, claimant's counsel filed a motion seeking an order authorizing a physician to treat claimant and to require the carrier to pay for such treatment. The employer and carrier had previously, on November 22, 1982, filed an application for hearing to determine whether claimant was entitled to further medical treatment.
At a hearing on January 14, 1983, the employer and carrier took the position that the claimant had reached maximum medical improvement, and claimant asserted that he had not. The evidence presented included claimant's testimony, a written report of Dr. Keeler, and the deposition of Dr. Keeler taken three days prior to the hearing. The claimant testified that he was experiencing pain in his back, numbness in his legs, and that he was unable to work. He said that the "adjustments" administered by Dr. Downey gave him some relief. Dr. Keeler testified that in his opinion claimant had reached maximum medical improvement with a five percent permanent physical impairment, that he did not feel claimant would benefit from additional medical care, that additional chiropractic manipulations would only increase claimant's problems, and that intermittent pain which might result from claimant's resumption of physical activity would be relieved by local heat, aspirin, or short periods of rest. The conflicts between Dr. Keeler's testimony and claimant's testimony are obvious.
Based on the evidence presented, the deputy found there to be no basis upon which to order further medical treatment and, accordingly, denied the claimant's motion. The claimant asserts on appeal that the deputy did not make a specific finding that maximum medical improvement had been reached.
Although the deputy did not expressly state that he found the claimant to have reached maximum medical improvement, he obviously concluded that Dr. Keeler's testimony that claimant had already reached maximum medical improvement at the time of his examination was conclusive.
The order states:
The sole medical evidence before your undersigned is the testimony of Dr. William H. Keeler, III, an orthopedic surgeon licensed and practicing in Pinellas County, who has opined predicated upon his examination of the employee-claimant on October 28, 1982, that the employee-claimant has attained the status of maximum medical improvement and physical recovery and is not in need of additional treatment. The opinion of Dr. Keeler is not in conflict with any other medical *406 evidence before your undersigned. The employee-claimant's voiced subjective degree of symptomatology which, in his opinion, precludes him from returning to active gainful employment and, in his opinion, necessitates the rendition of additional medical treatment is not a sufficient basis for affording to the employee-claimant the relief sought in the Motion as has been filed in this cause.
We recognize that maximum medical improvement is the date after which recovery or lasting improvement can no longer reasonably be anticipated, Lake County Commissioners v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982), and that remedial treatment may not be awarded for the period following maximum medical improvement. Taylor v. State, 401 So.2d 877 (Fla. 3d DCA 1981); Oak Crest Enterprises, Inc. v. Ford, 411 So.2d 927 (Fla. 1st DCA 1982); cf., Smith v. James Pirtle Construction Co., 405 So.2d 290 (Fla. 1st DCA 1981). For this reason, an express finding on this issue, including the date thereof, is particularly important.
The order of the deputy commissioner must be reversed and the case remanded for further findings by the deputy commissioner regarding not only the date of maximum medical improvement but also whether the claimant is or is not actually suffering the symptoms described in claimant's testimony and, further, on the basis of such findings, whether authorization of a second qualified physician is appropriate.
It seems clear from the appealed order that the deputy commissioner's decision was based upon a misunderstanding that, in the absence of expert medical opinion conflicting with the opinion of Dr. Keeler, he was precluded as a matter of law from authorizing further medical treatment. The deputy has, in effect, concluded that unless the claimant comes forward with countervailing expert medical testimony, he is foreclosed from a further award of medical care. The claimant argues that the deputy's ruling has placed him in the anomalous position of having to obtain further medical examination and evaluation to verify and corroborate his continued complaints of pain and disability while, at the same time, he cannot obtain such medical examination and opinion because the carrier and the deputy commissioner will not authorize him to see a physician. We are unwilling to construe the workers' compensation act to have this effect.
Claimant is entitled as a matter of right, in the absence of a specific finding that he has reached maximum medical improvement, to have medical care provided by the employer. And if the authorized physician declines to see him further, claimant is entitled to have another physician authorized to provide such medical care. § 440.13, Fla. Stat. (1981). Since Dr. Keeler refused to further see claimant, the deputy should have authorized an additional examination by another qualified medical physician so that claimant and the deputy might at least have the benefit of a "second opinion." Even recognized medical associations recommend a second opinion in cases where physicians may have honest differences of opinion. The testimony of the chiropractor, Dr. Downey, in the prior proceeding was limited to the effectiveness of chiropractic treatment on the claimant's injuries and thus cannot be treated as a second opinion by a qualified medical physician specializing in orthopedics.
The deputy's conclusion that he could not accept the claimant's testimony of continued pain, symptoms, and resulting disability as sufficient evidence to dispute the medical opinion of Dr. Keeler is erroneous as a matter of law. Many years ago, the Supreme Court very clearly stated that:
... opinions of medical experts are not conclusive and may even be disregarded by the deputy "in favor of lay testimony," Magic City Bottle and Supply Co. v. Robinson, 116 So.2d 240 (Fla. 1959); that the deputy may consider not only lay testimony but his personal view of the claimant as well, Hernandez v. DeCarlo, 116 So.2d 429 (Fla. 1959); and that a conclusion may be based on the testimony of a claimant to the exclusion of a *407 medical expert, Star Fruit Co. v. Canady, 159 Fla. 488, 32 So.2d 2 (1947).
Crowell v. Messana Contractors, 180 So.2d 329, 330 (Fla. 1965).
Although not obligated to believe claimant in all respects, the deputy, had he not been laboring under a misconception of the applicable rule of law, could well have disregarded Dr. Keeler's testimony and accepted claimant's testimony as sufficient to authorize another orthopedic physician to examine and treat claimant.
For the foregoing reasons, we reverse and remand for further findings by the deputy commissioner consistent with this opinion.
REVERSED and REMANDED.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with opinion.
NIMMONS, Judge, dissenting.
I respectfully dissent. In my view, the deputy's order denying the claimant's motion for further medical treatment is supported by competent substantial evidence. According to Dr. Downey, claimant's preferred source of treatment, claimant would not benefit from further chiropractic treatment. The deputy, therefore, in his order in September, 1982, required the E/C to provide further medical care by an orthopedic surgeon "consistent with the nature of his injury and and the process of his recovery." Thereafter, the claimant was examined by a qualified orthopedic surgeon, Dr. Keeler, who was jointly selected by counsel for the claimant and counsel for the E/C. Further, counsel for E/C advised Dr. Keeler in advance of the examination that he was authorized to treat the claimant if Dr. Keeler determined that treatment was needed.
No question has been raised as to Dr. Keeler's competence or as to the fact that the nature of claimant's medical problems clearly fall within Dr. Keeler's medical specialty. Dr. Keeler administered what appears to be a thorough examination with sufficient background concerning claimant's history of injury and treatment.
As the majority recognizes, maximum medical improvement is the date after which recovery or lasting improvement can no longer reasonably be anticipated, and remedial treatment may not be awarded for the period following maximum medical improvement. The majority also recognizes that the deputy's order included the implicit finding that the claimant had reached maximum medical improvement. I would not disturb that finding. However, I would remand for a determination as to the date by which the claimant reached MMI. Otherwise, I would affirm the deputy's order denying the claimant's motion for further medical treatment.