PER CURIAM.
This is an appeal by a workers’ compensation claimant from an order denying her claim for temporary total disability (TTD) from August 1981 to March 1982. We reverse and remand because, under the cir *945 cumstances noted below, the order is improperly based on a consulting physician’s opinion that claimant was not disabled because she did not have “objective” signs of abnormality at the inception of the period when benefits were suspended. The record shows no further provision for medical care until surgical intervention was obtained by claimant independently, and disability benefits were then reinstated.
Claimant, a 38 year old woman, suffered a back injury on February 15, 1981, while attempting to lift a 110 lb. box at work. She was treated by Dr. LeStrange, an orthopedic surgeon, during February and March, 1981. Dr. LeStrange admitted her to the hospital for therapy and a myelo-gram. The myelogram indicated a disc bulge which LeStrange thought could be related to the industrial accident. She continued therapy after discharge from the hospital, and was referred by Dr. LeS-trange to Dr. Todd, a neurologist, who hospitalized her in June, 1981, for another myelogram, which was negative. A June 4, 1981, progress note of Dr. Todd prescribed:
... intensive physical therapy and exercises which I will begin three times a week at Holy Cross Hospital for the next month and see her back at that time. I’ve given her permission to return to work a week from Monday and hopefully this syndrome of pain in her spine will eventually disappear.
She was unable to return to work and was seen again by Dr. Todd on July 6, 1981, when he noted continuing pain for which he prescribed a steroid. Claimant requested further orthopedic treatment and was sent for examination to Dr. Schiuma, a surgeon, on August 10, 1981. He reported that claimant appeared to be “exaggerating her symptoms” and that she “could be working full duty,” but did not advise her to resume working. He did tell her that he did not feel she was being candid with him. Benefits were terminated and claimant testified she was then told the carrier would not pay for her to see another doctor or return to Dr. LeStrange.
Claimant eventually returned to see Dr. LeStrange in late January, 1982, at her own expense. Another myelogram indicated a herniated disc for which LeStrange did disc fusion surgery in March, 1982. He related the need for surgery to her industrial accident, and opined that claimant’s condition had deteriorated between March, 1981, and February, 1982. (e.s.)
The order appealed denies temporary disability compensation for seven months between August 10,1981, and March 3,1982,[1] because the deputy found that claimant did not present evidence of medical incapacity. We conclude that the deputy erred in denying benefits based on acceptance of the opinion of the consulting doctor, Dr. Schiu-ma, that claimant was “not disabled” on August 10. The order indicates an erroneous assumption by the deputy that medical incapacity could be shown only by expert testimony from a “doctor who saw her at this particular time.” There appears to have been no treating physician authorized at the time in question, and in any event the ultimate surgery obtained by claimant fully confirmed her testimony as to her incapacity during the preceding year.
The deputy made no findings except (1) to note lack of job search, (2) to “accept the opinion of ... the only doctor who saw her at this particular time ... that the lady had no objective signs of any abnormality ... as ... consistent with logic and reason,” (e.s.) and (3) to “accept the opinion” of the doctor “that when he saw the claimant on August 10, 1981, the claimant was not ... disabled.” Temporary total disability compensation and medical benefits paid before August 10, and after claimant’s hospitalization for surgery the following March, are not in dispute.
Because of the total absence of other factual findings,[2] as well as the limited *946 nature of the accepted opinion against “objective ... abnormality,” we conclude that the deputy erred in the application of both legal and evidentiary standards in this case. The record indicates an employer/carrier denial of all medical care during the time in question; the absence, until January, of any clear communication to claimant that temporary disability was controverted and job search required; the ambiguity of the August 10 medical evaluation reported to her, that nothing “too much wrong" was found and that her “sincerity” was suspect; and retroactive reinstatement several months after claimant independently obtained surgery in March, which confirmed a degenerative disc condition during the time now in question. The latter surgical confirmation, lending support to the only other evidence of claimant’s condition — her testimony as to 90% bed confinement, shows the deputy’s acceptance of and reliance on the consultant’s opinion to be both insubstantial and insufficient as the sole predicate for denial of temporary disability compensation in the context of the record before us.
The order is therefore reversed and the cause remanded with directions that the claim be granted, including interest and penalties with respect to the specified period but excluding other interest issues not presented at the hearing before the deputy.
WENTWORTH and ZEHMER, JJ., concur.
NIMMONS, J., concurs in part and dissents in part with opinion.

. The employer/carrier paid temporary total disability benefits from the date of accident until August 10, 1981, and from March 3, 1982, through November 1982.

. The absence of findings as to communication to claimant of work release instructions also *946 requires reversal. See Lakeland Construction Co. v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983); Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982). Claimant denies that she was advised by anyone in 1981 that she could return to work.