483 So.2d 534 (1986)
Alfred DAVIS, Appellant,
v.
PHILLIPS & JORDAN and Fp & L Claims Management Service, Appellees.
No. BH-471.
District Court of Appeal of Florida, First District.
February 20, 1986.
Patrick O. Helm, of Brooks & Helm, Ocala, for appellant.
Gary L. Stump of Whittaker, Stump and Webster, Orlando, for appellees.
PER CURIAM.
Alfred Davis appeals from a final order of the deputy commissioner denying his claim for temporary total disability benefits. The issue presented to us is whether the deputy commissioner erred in finding that the claimant was not entitled to temporary total disability (TTD) benefits between October 22, 1984 and April 4, 1985. We are asked to determine whether competent substantial evidence supports the deputy's finding that claimant was not instructed not to return to work by his physician and whether the deputy commissioner erred in finding no entitlement to compensation benefits between October 22, 1984 and November 28, 1984, based upon lack of medical evidence.
Alfred Davis, a 38-year-old construction foreman with an eighth grade education, fell from a bulldozer on November 1, 1983, injuring his back. The employer/carrier (EC) provided medical care and compensation benefits from the date of the accident to October 22, 1984. The E/C asserted that TTD benefits were not due after that date, because there was no medical evidence to substantiate the claim and the *535 claimant had not conducted a good faith job search.
At the hearing claimant testified that after seeing various medical doctors, he was treated by Dr. Roberts, a chiropractor, who placed certain restrictions on his activities, including no repetitive lifting of objects over 15 pounds, no activities requiring him to remain in one position for more than 30 minutes, no flexion or extension, and no walking beyond one-half mile. Claimant testified that the doctor told him not to work and that he never told him to go to work until he released him on April 4, 1985.
Dr. Roberts testified by deposition that he began treating claimant on May 15, 1984, and that he treated him until August 10, 1984, when he referred him to Dr. Freeman for another CAT scan and further evaluation because he was not responding to the treatment. Claimant returned on November 4, 1984 saying that Drs. Freeman and Bush would not treat him, whereupon Roberts again began treating him until his discharge on April 12, 1985. Dr. Roberts testified that claimant is MMI chiropractically, but that he needs an orthopedic evaluation for what Dr. Roberts suspects is a disc lesion. Dr. Roberts testified that claimant could not return to work while he was being treated, because of his back pain, and that claimant could do no physical labor because of his limitations, but opined on cross-examination that he could do desk work, or other work within the restrictions placed upon him. On redirect examination, Roberts testified that he did not at any time inform claimant that he was returning him to work in any kind of capacity, and discussed with him the fact that he should not work, "particularly referring to the type of work he was capable of doing". On re-cross, Roberts again opined that claimant could do any type of job that did not involve the restricted activities.
The deputy commissioner found that there was no competent and substantial medical evidence that claimant was unable to do even light or sedentary activities from October 22, 1984 until April 4, 1985 (MMI); that "there is a blatant absence of any medical whatsoever between October 22, 1984 and November 28, 1984"; that claimant was instructed only not to return to his old type of job; and that claimant did not look for work during the claim period.
Disability is defined by section 440.02(9), Florida Statutes (1983), as "incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." The deputy commissioner found no medical evidence that claimant was unable to do even light or sedentary activities on an uninterrupted basis during the period for which TTD benefits were claimed. The deputy found an absence of any medical between October 22, 1984 and November 28, 1984 and that for that reason alone, claimant was not entitled to benefits during that period. During the period in question, claimant had been referred by his chiropractor to a physician for evaluation, but the doctor to whom he was referred refused to treat him. If he was entitled to temporary disability benefits before and after this brief period of non-treatment, during which his condition apparently remained unchanged, it defies logic to deny him benefits because, through no fault of his own, he was not treated during this period. Barter v. Zayre Corporation, 449 So.2d 944 (Fla. 1st DCA 1984).
The deputy commissioner found that claimant's treating physician was of the opinion that, while claimant was unable to perform his usual job involving manual labor, he was able to perform activities within certain physical restrictions; she also found that claimant did not attempt to find light or sedentary work at all during the period for which disability benefits are claimed. She considered claimant's assertion that he was told not to return to work by his doctor, but refused to apply Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982), in which the court found that a denial of temporary disability benefits could not logically rest on a claimant's failure to seek work in the absence of any *536 evidence that he knew or should have known that he was released for that purpose. The deputy commissioner found "no direct evidence that the Employee/Claimant was not instructed to return to work" and opined that her denial of benefits "finds harmony with the decision in Huntley Jiffy Stores v. Allen, 445 So.2d 630 and Fair-Way Restaurant v. Fair, 425 So.2d 115." While the facts in Huntley Jiffy Stores are sketchy, it is clear that the deputy commissioner's reliance upon Fair-Way Restaurant is misplaced. In that case, the claimant was encouraged by his doctor in October, 1977, to return to normal activities. He then worked at his restaurant until December, 1977, when he was "fired" by his wife. He thereafter remained unemployed and did not seek medical treatment for more than two years. In finding that the deputy erred in awarding temporary total disability benefits during this period based upon claimant's testimony, the court noted the fact that he had been employed at the restaurant for one full year after the accident and that he had been encouraged by his doctor to return to normal activity.
Numerous cases from this court support the claimant's assertion that he cannot be denied temporary total disability benefits because of his failure to search for work if the evidence shows that he neither knew nor should have known that he was medically released to work. See Grey v. Eastern Air Lines, Inc., 480 So.2d 1341 (Fla. 1st DCA 1985).
Contrary to the deputy commissioner's findings, claimant's own testimony constitutes direct evidence that he was not instructed to return to work. Furthermore, although the doctor's deposition testimony indicates that he was of the opinion that claimant could return to some light-duty job, there is no unequivocal evidence that he clearly communicated this opinion to the claimant or to the employer/carrier. Where the only evidence regarding a specific issue is in the form of deposition testimony, the considerations favoring a deputy's prerogatives as the finder of fact are less compelling; the appellate court is considered in as good a position to evaluate and weigh testimony as the deputy under such circumstances. See Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA 1981); see also Gold Coast Paving Company, Inc. v. Fonseca, 411 So.2d 259 (Fla. 1st DCA 1982).
It is conceivable that the deputy commissioner could have denied the claimed disability benefits on the basis that claimant should have known that he was able to return to limited activities, based upon his testimony that he had done "minor work" on a car and that he could sweep with a broom and carry light trash. However, the deputy's order does not even mention this testimony, nor does it appear to rely upon it. Furthermore, the claimant's testimony as a whole indicates that he believed he was ordered by the doctor not to look for work and was therefore following doctor's orders by not seeking a job.
The final order is REVERSED and the case REMANDED to the deputy commissioner for determination of entitlement to temporary total disability benefits consistent with this opinion.
ZEHMER and BARFIELD, JJ., concur.
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
There is competent substantial evidence to support the deputy commissioner's order and I would affirm.