492 So.2d 768 (1986)
Timothy HALL, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellees.
No. BH-461.
District Court of Appeal of Florida, First District.
August 6, 1986.
*769 George F. Taylor, Jr., P.A., Miami, for appellant.
Jeffrey S. Breslow of Adams, Kelley & Kronenberg, Miami, for appellees.
JOANOS, Judge.
The claimant in this workers' compensation cause appeals the deputy commissioner's order denying claim for wage loss benefits, rehabilitation, and further medical care. Claimant raises three issues for our review: (1) whether the deputy commissioner's order finding that claimant reached maximum medical improvement (MMI) on May 17, 1983 is supported by competent substantial evidence; (2) whether the deputy commissioner erred in finding that claimant sustained no permanent physical impairment, and (3) whether the deputy commissioner erred in finding that claimant sustained no permanent psychiatric impairment and does not need psychiatric treatment. We reverse and remand point one for further consideration of the date of maximum medical improvement.
On June 8, 1982, claimant sustained a compensable back injury. He was hospitalized for a period of time, and continued to receive medical care from a number of authorized treating physicians. Claimant's condition was diagnosed as lumbosacral sprain, herniated disc, and lumbar radiculitis.
Dr. Jaime Wancier, a neurosurgeon, treated claimant from May 9, 1983, until October 27, 1983. In Dr. Wancier's opinion, claimant attained MMI from a neurological standpoint on May 17, 1983, with no permanent physical impairment. In an undated narrative medical report which documents his May 17, 1983 office examination of claimant, Dr. Wancier found that claimant was still symptomatic and should not perform any work which required bending, lifting, pushing, squatting, or sitting or walking for prolonged periods of time. In addition, Dr. Wancier found that claimant should continue with the therapy he was receiving at Dr. Stein's office. Dr. Wancier's report dated November 8, 1983, notes that claimant's condition had improved as compared with previous visits. During the course of Dr. Wancier's deposition of October 2, 1984, claimant's counsel advised Dr. Wancier that a determination regarding permanent physical impairment is made as of the date of MMI. Dr. Wancier then stated that as of the MMI date of May 17, 1983, claimant had physical limitations.
Dr. Stein, an orthopedist, treated claimant for intermittent lumbar radiculitis. In Dr. Stein's opinion, claimant attained MMI as of May 9, 1983, with a two percent permanent partial disability of the body, secondary to the lumbosacral strain. Dr. Stein, like Dr. Wancier, placed temporary restrictions on claimant's activities.
Dr. Keedy, a neurosurgeon, examined claimant on May 8, 1983. In Dr. Keedy's opinion, claimant sustained a ten percent permanent impairment of the body as a whole, in accordance with the American Medical Association Guidelines. Dr. Keedy's opinion was based on his own examination and his review of a lumbar myelogram, CAT scan, and lumbar epidural venogram. Dr. Keedy was not an authorized treating physician.
The date of maximum medical improvement means the date which marks the point after which no further recovery or improvement from an injury or disease can reasonably be anticipated. s. 440.02(22), Fla. Stat. (1981); Corral v. McCrory Corporation, 228 So.2d 900, 903 (Fla. 1969); Lewis v. Town and Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). So long as a need for medical treatment exists and there is a reasonable expectation that further improvement is possible, then the claimant has not reached MMI. City of Miami v. Wright, 380 So.2d 555 (Fla. 1st DCA), cert. denied, 388 So.2d 1110 (Fla. 1980).
*770 We find that, in light of the statutory definition of MMI, Dr. Wancier's finding that claimant reached MMI on May 17, 1983, is inconsistent with his October 1983 medical report, in which he indicated that claimant had continued to improve. There is further inconsistency in Dr. Wancier's statement that in May 1983 the claimant was still symptomatic and should continue treatment with his regular physician. There is no basis for setting a date of MMI if the healing process is still continuing. See Soloman v. Chance Harvesting Company, 489 So.2d 195 (Fla. 1st DCA 1986).
Because the record in this cause will not support a May 17, 1983, date of MMI, we reverse the deputy commissioner's finding on this point and remand for further consideration. We make no determination regarding the deputy commissioner's finding that claimant sustained no permanent physical impairment, since the determination on this point is mooted by our reversal of point one. The deputy commissioner's determination that claimant sustained no permanent psychiatric impairment is affirmed, since there is competent substantial evidence in the record to support this finding.
Accordingly, we reverse the deputy commissioner's finding that claimant reached maximum medical improvement on May 17, 1983, and remand for further proceedings consistent with this opinion.
SMITH and WIGGINTON, JJ., concur.