506 So.2d 449 (1987)
J. Robert KENNEY, Appellant,
v.
JUNO FIRE CONTROL DISTRICT, and American Mutual Liability Insurance Company, Appellees.
No. BL-488.
District Court of Appeal of Florida, First District.
April 10, 1987.
Rehearing Denied May 27, 1987.
*450 Frank G. Cibula, Jr., of Cibula, Gaunt & Pratt, West Palm Beach, for appellant.
L.C. Shepard of Adams, Coogler, Watson & Merkel, West Palm Beach and Debra Levy Neimark of Neimark & Neimark, Coral Springs, for appellees.
ERVIN, Judge.
The claimant files this appeal of the final order issued by the deputy commissioner (dc) denying temporary total disability (TTD) benefits. Based on the facts of this case, we find that the dc's refusal to accept the examining physician's opinion that the claimant was TTD for the period during which he was not under a doctor's care was in error. We reverse and remand.
The claimant suffered two compensable injuries: an accident on November 8, 1979, causing injuries to his neck and left shoulder, and a subsequent accident on February 12, 1980, resulting in an injury to his lower back. After the second injury, the claimant was hospitalized several times for testing, then receiving a myelogram, a CT scan, and a diskogram. In February 1983, the claimant visited a neurosurgeon, Dr. Cooney, who diagnosed him as having a herniated disc, and advised that surgery be performed.
At the claimant's request, the dc entered an order requiring the employer carrier (e/c) to pay for a consultation by Dr. Rosomoff of the University of Miami Comprehensive Pain Center. It was Dr. Rosomoff's opinion that the claimant did not have a herniated disc and could be rehabilitated. The claimant remained as an inpatient in the back rehabilitation program at the Center for two weeks, and on October 15, 1983, Dr. Rosomoff released the claimant as having reached maximum medical improvement with a zero percent disability rating under the AMA guidelines for disability. The claimant was released to work with no restrictions.
In January 1984, the claimant again returned to Dr. Cooney, complaining of neck pain and pain in his shoulder and back. Another CT scan was taken, revealing a degenerative disk. Surgery was performed on April 4, 1985, after which the e/c voluntarily resumed the payment of TTD benefits.
The claimant subsequently filed a claim for TTD benefits from October 16, 1983 through April 3, 1984. While awarding TTD benefits from January 4, 1984 through April 3, 1984, the dc denied the claim for benefits preceding January 4, 1984, stating that since the claimant did not return to Dr. Cooney until January 4, 1984, there was no competent medical evidence as to the claimant's disability during the period prior to this visit, or that time when the claimant was not under the doctor's care. We regard the dc's apparent conclusion that medical incapacity could be shown only through the expert testimony of the doctor who saw the claimant at the time in issue to be erroneous. See Davis v. Phillips & Jordan, 483 So.2d 534 (Fla. 1st DCA 1986); Barter v. Zayre Corporation, 449 So.2d 944 (Fla. 1st DCA 1984). In Barter, the claimant visited an orthopedic surgeon in March 1981, but did not return to him for further treatment until February 1982, at which time disc fusion surgery was performed. Although the doctor opined that the claimant's condition had deteriorated between March 1981 and February 1982, the dc denied TTD benefits, based upon his opinion that because no physician had seen the claimant during the disputed time in question, there was no competent, substantial evidence to support the claim. In reversing, we held that there appeared to be no authorized physician during the time involved, and "in any event the ultimate *451 surgery obtained by claimant fully confirmed her testimony as to her incapacity during the preceding year." 449 So.2d at 945 (emphasis supplied).
The facts of this case are quite similar to those in Barter. Here the claimant visited Dr. Cooney in 1983 and was told that he had a herniated disc and surgery should be considered. He was then sent to Dr. Rosomoff, who attempted without success to rehabilitate the claimant, who in turn continued to experience back and neck pain and eventually had to have surgery performed on the disc. Dr. Cooney testified that when he reexamined the claimant he would consider the claimant to have been TTD between February 1983 and January 1984, since the claimant's complaints of pain had not changed. As in Barter, Dr. Cooney's opinion that the claimant was TTD during this period was also objectively confirmed by surgery on the disc.
The portion of the dc's order finding that there was no competent medical evidence to support the claim for TTD benefits from October 16, 1983 through January 3, 1984 is reversed, and remanded with directions to award TTD benefits for that period.
REVERSED AND REMANDED for proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.