513 So.2d 1336 (1987)
Jordan J. JOHNSON, Appellant,
v.
UNITED PARCEL SERVICE and Liberty Mutual Insurance Company, Appellees.
No. BQ-275.
District Court of Appeal of Florida, First District.
October 7, 1987.
William E. McGrew of Jones & Zelman, Naples, for appellant.
Chester H. Budz, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
ERVIN, Judge.
The claimant in this workers' compensation case appeals the order of the deputy *1337 commissioner (dc) denying temporary total disability (TTD)/wage-loss (WL) benefits. We remand the case to the dc for further clarification of whether the claimant has reached maximum medical improvement (MMI).
The claimant injured his back in a compensable accident on October 30, 1984. He was treated conservatively and continued working for almost a year, but finally had to quit because of persistent pain and discomfort. A CT scan revealed a mild bulging disc, which was treated with epidural steroid injections. When this treatment did not alleviate the pain, the claimant was referred to Dr. Hussey, a neurologist. After examining the claimant, Dr. Hussey opined that the claimant was suffering from lumbosacral facet syndrome, for which he administered several facet block injections and placed claimant in an aggressive physical therapy program. Following a later examination, Dr. Hussey concluded that claimant had not yet reached MMI and was unable to return to work.
The employer/carrier (e/c) requested an independent medical examination (IME), which was conducted by Dr. Spil, a neurosurgeon, on March 31, 1986. Dr. Spil's report stated:
The patient, apparently, had a lumbo-sacral sprain back in 1984, was treated with good results. Now, he wants to go back to work and I do not see, at this point, any limitation of his activities as lifting weights, squatting, stooping, bending or walking, driving, or sitting.
The e/c, upon receiving the report, notified the claimant that it was discontinuing his workers' compensation benefits and ordered him to return to work at his full-time position. When the claimant did not return, his employment with the e/c was terminated.
Claimant requested TTD benefits from April 1 to April 15, 1986, and WL benefits from April 16 and continuing, until the date of the hearing, based on the testimony of Dr. Hussey who opined that the claimant was unable to return to work in March 1986, and had not yet reached MMI. The dc denied the claim, relying on the IME performed by Dr. Spil, in which it was stated that the claimant did not have "any limitation of his activities".
We find it necessary to remand the case to the dc for further clarification, as the medical report submitted by Dr. Spil, and accepted by the dc, fails to state whether the claimant had achieved MMI in March 1986. The date of MMI marks the point after which no further recovery or improvement from an injury or disease can reasonably be anticipated. Hall v. Dade County School Board, 492 So.2d 768 (Fla. 1st DCA 1986); Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). Dr. Spil's evaluation, although indicating that the claimant was able to return to work, cannot be reasonably interpreted as also stating that the claimant had reached MMI. The report states, "... I do not see, at this point, any limitation of his activities ..." (e.s.) The dc has interpreted Dr. Spil's opinion, stating that the claimant has no present work restrictions, as the equivalent of a finding that the claimant has reached MMI without any permanent physical impairment. This was error. See Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981) (the question of when a claimant reaches MMI should not be confused with the issue of a claimant's ability to return to work in some capacity). The mere fact that the claimant was released to work without restrictions does not mean that he has also reached MMI, nor does it suggest that he does not suffer from any permanent physical impairment. See 2 A. Larson, The Law of Workmen's Compensation § 57.12(d) (1986) ("The disability period is not automatically terminated merely because claimant obtains some employment, if maximum recovery had not been achieved at the time."). We are unable to determine from Dr. Spil's statement whether the claimant has sustained a permanent physical impairment, whether he will be in need of further medical treatment, or whether he has no impairment whatsoever. Absent an opinion that the claimant has reached MMI, the dc could not conclusively deny WL benefits.
*1338 On remand, the dc is directed to determine whether there is sufficient evidence to support a finding that the claimant has reached MMI and, if necessary, accept further evidence in reaching his determination. If the dc determines the claimant has achieved MMI, he should then determine whether he has sustained a permanent impairment, and, if so, whether claimant has established his entitlement to WL benefits. If the dc determines that claimant has not yet achieved MMI, he shall next decide his entitlement to temporary benefits.
REVERSED and REMANDED for further consistent proceedings.
SMITH, C.J., and MILLS, J., concur.