513 So.2d 1334 (1987)
Ricky STEWART, Appellant,
v.
RESORT INNS OF AMERICA and Cincinnati Insurance Company, Appellees.
No. BQ-329.
District Court of Appeal of Florida, First District.
October 7, 1987.
*1335 Barry M. Salzman of Chalmers & Salzman, St. Petersburg, for appellant.
Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellees.
ERVIN, Judge.
The claimant/appellant appeals the order of the deputy commissioner (dc) denying temporary partial disability (TPD)/wage-loss (WL) benefits. We reverse and remand the case to the dc for further clarification.
On June 8, 1985, the claimant injured his back while working for Resort Inns, the employer/carrier (e/c). The claimant remained out of work for approximately one month, and upon returning to work, continued to experience pain in his lower back, forcing him to terminate his employment. Claimant then visited Dr. Sullivan, who referred the claimant to physical therapy for five days. On August 1, 1985, Dr. Sullivan released the claimant to work, stating:
I am releasing him [claimant] to work today... . It would be best if he were placed in some type of job where he did not have to do a lot of heavy lifting and carrying but, at this time, based on the medical examination, I would say that I cannot limit his activities.
The claimant worked at various jobs over the course of the following year, but was either forced to leave employment, due to persistent pain in his back, or was fired because he missed too many days of work, absences which the claimant testified were attributable to his back pain.
The claimant revisited Dr. Sullivan in September and November 1985, and again in July 1986. Dr. Sullivan then determined that the claimant was suffering from chronic low-back pain, stating:
This gentleman continues to complain of pain in the lower part of his back... . He continues to have complaints of pain, especially when he stands for long periods of time or when he bends... . This gentleman appears to have a chronic low back syndrome but at the present time he is not a candidate for any surgery.
The claimant filed a claim for TPD/WL benefits from August 3, 1985 and continuing, future medical treatment, penalties, interest, costs, and attorney's fees. The dc found that the claimant was not entitled to TPD or WL benefits, as he was released to work on August 1, 1985, by Dr. Sullivan without any physical restrictions. Because, however, the claimant had continuing complaints of pain, and Dr. Sullivan admitted that the claimant did have a chronic low-back syndrome, the dc found that the claimant was entitled to evaluation and treatment, if necessary, by another doctor.
We remand this case to the dc for further clarification, as the order fails to indicate whether the claimant has reached MMI, and, if so, whether he has sustained a permanent physical impairment. The dc apparently concluded that the claimant should be precluded from receiving TPD or WL benefits once he was released to work without any physical restrictions. The ability to return to work in some capacity should not be confused with the question of whether the claimant has reached MMI. Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981). See also Johnson v. United Parcel Service, 513 So.2d 1336 (Fla. 1st DCA 1987). The date of MMI marks the point after which no further recovery or improvement from an injury or disease can reasonably be anticipated. Hall v. Dade County School Board, 492 So.2d 768 (Fla. 1st DCA 1986); Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). So long as a need for medical treatment exists and there is a reasonable expectation that further improvement is possible, the claimant cannot be considered to have reached MMI. 492 So.2d at 769. Absent any medical testimony that the claimant has or has not obtained MMI, however, we are unable to determine from the record if the claimant is only temporarily disabled, permanently disabled, or has sustained no disability whatsoever.
*1336 We would observe also that even if claimant had been released to return to work without any restrictions  a situation which did not occur in the case at bar  the claimant may nonetheless be entitled to compensation benefits if he undertook a job search or attempted to return to work with the former employer. See Iverson v. Holy Cross Hospital, 498 So.2d 620 (Fla. 1st DCA 1986). There was evidence before the dc from which he could have concluded that claimant attempted to return to work, but was unable to perform his labors adequately due to the effects of the industrial injury.
On remand the dc is directed to determine whether, based on the medical reports of Dr. Sullivan, sufficient evidence exists from which a finding of MMI can be made, and, if so, claimant's entitlement to WL benefits. If, on the other hand, claimant has not reached MMI, the deputy should then determine claimant's entitlement to temporary compensation benefits. If there is insufficient evidence in the record, the dc may receive such additional evidence as may be necessary to comply with our directions.
REVERSED and REMANDED for further consistent proceedings.
SMITH, C.J. and MILLS, J., concur.