522 So.2d 456 (1988)
Isaac WALKER, Appellant,
v.
ALLIED SEPTIC TANKS and CNA Insurance, Appellees.
No. BT-31.
District Court of Appeal of Florida, First District.
March 15, 1988.
*457 William T. Roshko and Michael M. O'Brien of O'Brien & Hooper, Orlando, for appellant.
Wendell J. Kiser, Orlando, for appellees.
WENTWORTH, Judge.
This is an appeal from a March 25, 1987 workers' compensation order denying authorization and payment for past and future chiropractic care.
We reverse because the deputy's denial of future and past medical care, without determination of date of maximum medical improvement, is improperly based solely upon the "acceptance of the medical opinions expressed in reports [rendered prior to July 1984] and the ... determination that the claimant's testimony concerning his continuing complaints is not credible." The claim for past medical care, so far as shown by evidence before the deputy, was predicated on a reasonable need while awaiting a hearing following carrier refusal to authorize care of the kind requested by claimant.[1] The only current medical opinions in the record support a current need, and in the context here are not reasonably contradicted by opinions some three years antecedent. Nor is the bare credibility conclusion, as further discussed infra, supported by any significant factual references in the order or record.
After claimant's September 13, 1983 accident, the appellee provided treatment that included the services of three orthopedic physicians and one neurosurgeon. Claimant expressed his dissatisfaction with this treatment both in motions to change physicians and in his testimony in the instant case. He also filed a claim for authorization of chiropractic treatment, which was denied without prejudice when claimant failed to appear at a hearing on the claim. He filed a second such claim on May 20, 1986, and while the claim was pending, began chiropractic treatments with Dr. Exum's clinic.[2]
In the order denying authorization and payment of the bills, the deputy stated[3] in *458 effect that claimant's testimony was suspect and lacked credibility, and that his continuing complaints were not credible. He found that the opinion of the chiropractors that the accident caused claimant's present symptoms was based on a history taken from claimant, which the deputy found not credible. The deputy accepted the opinion of claimant's earlier physicians, rejected the opinion of the chiropractors as to need for care, and found that claimant had recovered from his accident.
The record contains medical reports of doctors who examined and treated claimant in 1983 and the first half of 1984. He underwent several diagnostic procedures including a lumbar myelogram in October and November 1983, which did produce some positive findings. Dr. Pearson's notes express his opinion on February 17, 1984, that claimant had reached maximum medical improvement as of that date with no permanent physical impairment. He continued to see claimant, however, and a notation for March 6, 1984 states, "I am at a loss as to the etiology of his symptomatology at this point and we will ask for a second opinion." Claimant saw Dr. Stanford, who sent him to Dr. Brunson. Dr. Brunson reviewed claimant's records and noted that an electromyelogram performed in February 1984 was within normal limits. He also noted that claimant "appears in a moderate amount of distress" and had some limited motion and moved rather slowly at times, as of April 12, 1984. His "impression" was spinal stenosis with nerve irritation. Claimant was sent back to Dr. Stanford, who noted that there was "no essential change on physical findings from those made on 3-23-84" and added, "I have been unable to help this patient." Further notes from Dr. Pearson include a notation on June 1, 1984, that claimant complained of soreness and "I see no abnormal objective findings." A June 22, 1984 notation states that claimant had had soreness in the neck and low back but "[c]linically, he looks quite well." These records were clearly remote in time with respect to the hearing on the present claim, the last report being dated June 22, 1984. None of these doctors testified.
The deputy's determination as to claimant's lack of credibility is, on the face of the order, not supported by any substantial predicate. The record indicates only (1) claimant's correction in his 1986 testimony of a failure to recall, in deposition and in history to his latest doctor, that he had worked three months about a year before the hearing; (2) his lack of knowledge as to amount of those earnings, while testifying to the amount earned at the time of injury and estimating earnings in an earlier long term job from 1967 to 1980; and (3) his initial failure to recall four of the eight doctors whom he saw in the period following his 1983 injury. Our close consideration of those facts supplies no substance to the deputy's conclusion on credibility, or to his consequent rejection of all medical evidence presented at the hearing.
Even accepting the deputy's prerogative on that credibility issue, we conclude as stated in Curtis v. Florida Correctional Institute, 509 So.2d 1192 (Fla. 1st DCA 1987), that a claimant's lack of credibility does not justify the deputy in rejecting the only competent substantial evidence of the cause of claimant's current condition, medical opinions based on both evaluation and history. Dr. Fritz expressed the chiropractors' diagnosis in this case as follows: "We feel from the accident that he had suffered a subluxation at the L-5 level with accompanying facet jamming at that level specifically on the left, and he has some paresthesia." Dr. Fritz acknowledged that while appellant had some improvement in range of motion, his condition was basically unchanged, aside from remissions from the adjustments, from the time that he first came in until August 25, 1986, the date that the chiropractors set for maximum medical improvement. Dr. Moroff stated that the paresthesia had diminished considerably, but that appellant's condition otherwise remained about the same as of August 1986.
*459 The 1984 medical reports are both stale and less than explicit as to lack of need for further care. In the order before us the deputy did not explicitly find a date of maximum medical improvement, merely noting that Dr. Pearsons' records set maximum medical improvement at February 17, 1984. In Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984), this court reversed partially on the basis of a lack of a specific finding of the date of maximum medical improvement. The opinion indicated that under the circumstances presented claimant was entitled as a matter of right, in the absence of a specific maximum medical improvement finding, to have medical care authorized.
We reverse and remand with directions for entry of an order, on this record or such other evidence as may be permitted, granting the claim for past medical care, determining the date of maximum medical improvement and related issues as to authorization of medical care, and for further proceedings consistent herewith on the compensation claim.
ZEHMER, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
I respectfully dissent. To me, the majority opinion is a classic example of this court's "retrying" this case. I would also point out that the appellant's argument on appeal bears no relation to the rationale in the majority opinion.[1]
NOTES
[1] Kirkland v. Harold Pratt Paving, 518 So.2d 1320 (Fla. 1st DCA 1987).
[2] Claimant's effort to amend the claim to include temporary disability benefits was denied upon objection at hearing. The medical claim, however, was denied on grounds which effectively mooted other benefits and rendered the order final for appellate purposes.
[3] The order finds in material part:

That the claimant has had ample and adequate treatment for this industrial accident by the previously authorized treating physicians. The undersigned has determined that it would not be in the claimant's best interest to have chiropractic care for this injury. The undersigned has carefully considered the claimant's testimony in making this determination. The undersigned has determined that the claimant's testimony is very suspect and lacks credibility. There are discrepancies in the claimant's testimony given on deposition and before the undersigned. The claimant was very vague in describing his work activities in the intervening years since his injury. From the undersigned's careful observation of the claimant as he testified, I have concluded that the claimant's continuing complaints are not credible and should not serve as the basis for ordering chiropractic care.
That the treatment rendered in Dr. Exum's office was unauthorized and therefore not the responsibility of the employer/carrier... .
That the opinions of the chiropractic physicians concerning the claimant's need for chiropractic care is rejected. Their testimony concerning the etiology of the claimant's condition is based upon his history to them, which the undersigned has previously determined to be not credible... . Considering the relative expertise of the chiropractic physicians, including their relatively short length of practice, and the medical reports of the orthopedic surgeons and neurosurgeon, the undersigned has chosen to accept the opinions expressed by the medical doctors and reject the opinions of the chiropractic physicians expressed in this case.
That the claimant is not in need of chiropractic care as a result of this industrial accident. In making this determination, the undersigned has concluded that the claimant has recovered from this industrial accident and is not in need of any continuing chiropractic treatment. This finding is based upon the undersigned's acceptance of the medical opinions expressed in the reports and the undersigned's determination that the claimant's testimony concerning his continuing complaints is not credible.
[1] The brief filed by appellant's attorney includes a one page statement of facts and a one and one-half page argument. No reply brief was filed by appellant's attorney.