NIMMONS, Judge.
The claimant in this workers’ compensation case appeals the deputy’s order finding maximum medical improvement (MMI) with no permanent impairment, denying further medical care, and denying temporary total disability benefits.
This case arose out of a March 4, 1987 industrial accident. Appellant was treated by several physicians and in October 1987 came under the care of neurologist Dr. *59 Aung-Din, who prescribed physical therapy. In the instant case, appellant sought further treatment with Dr. Aung-Din, which the E/C maintained was unnecessary because appellant had reached MMI with no permanent impairment. Dr. Aung-Din felt that appellant was in need of further remedial treatment.
Appellant underwent an independent medical examination by Dr. Padar, a neurosurgeon, in January 1988. After the examination, Dr. Padar stated in a report that he intended to review a CT scan of appellant’s neck, and suggested that appellant may require surgery.[1] A subsequent report by Dr. Padar, relied upon by the deputy to establish MMI with no permanent impairment, stated:
This is to certify that I have reviewed Mr. Sprague’s MRI scan of the cervical spine. There is no evidence of cervical disc rupture.
This man has a cervical sprain. He does not have a permanent disability and does not need to return here.
This report contains no clear statement of whether appellant has reached MMI without permanent impairment, and is therefore not competent substantial evidence in support of the finding. See Johnson v. United Parcel Service, 513 So.2d 1336 (Fla. 1st DCA 1987) (statement in medical report that “I do not see, at this point, any limitation of his activities ...” cannot be reasonably interpreted as stating that the claimant has reached MMI); Walker v. Allied Septic Tanks, 522 So.2d 456 (Fla. 1st DCA 1988) (medical records which were both stale and less than explicit regarding claimant’s need for further care could not support denial of claim for medical care). Moreover, the report makes no reference to the results of the review of appellant’s CT scan, or even whether such a review was performed.
We therefore reverse the finding of MMI with no permanent impairment and resulting denial of further treatment, and remand for further consideration upon the existing record or such additional evidence as may be deemed necessary.[2] .
Regarding appellant’s claim for disability benefits, the deputy correctly stated that “[n]o evidence is presented as to the average weekly wage issue ...” Under the circumstances of this case, however, the lack of such evidence does not justify denial of the requested benefits. In the pre-trial stipulation entered into between the parties, appellant stated that AWW is in issue, but appellees asserted that the correct amount is $241.44. Where the E/C has asserted a specific amount as the correct AWW and the claimant presents no evidence to the contrary and no alternative amount, we see no reason why the claim should not be judged on its merits utilizing the figure asserted by the E/C in the stipulation. We therefore direct that the deputy reconsider appellant’s entitlement to disability benefits. The deputy is authorized to take further evidence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS, C.J. and WENTWORTH, J., concur.

. Dr. Padar did not testify either via deposition or at the hearing before the deputy.

. We note that the record contains evidence which would permit the deputy to go either way on this issue.