464 So.2d 232 (1985)
Joann HICKS, Appellant,
v.
PUTNAM COUNTY SCHOOL BOARD and Home Insurance Company, Appellees.
No. AY-80.
District Court of Appeal of Florida, First District.
February 27, 1985.
*233 Tim Keyser, Interlachen, for appellant.
Victor M. Halbach, Jr. of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellees.
MILLS, Judge.
Hicks appeals from a workers' compensation order contending the deputy erred in finding that she was not entitled to TTD benefits, PTD benefits or wage loss benefits and that her cardiac condition was not causally connected to her industrial accident. We reverse in part and affirm in part.
The issue of MMI was raised by the pretrial stipulation and was raised at the hearing. The resolution of this issue is vital to the determination of Hicks' claim for TTD benefits. The treating physician set MMI in a letter to the E/C but later stated that Hicks had not reached MMI. The deputy made no finding of MMI.
We must reverse on this issue and remand to the deputy for the purpose of determining MMI and for a statement of her findings of fact supporting her determination of MMI.
A deputy must adjudicate all issues which are presented and ripe for disposition. Estech General Chemical Corp. v. Graham, 424 So.2d 138 (Fla. 1st DCA 1982). Because the evidence in this case is conflicting on the date of MMI, it is necessary that the deputy set forth her findings of fact so that we might determine how she reached her conclusion and if supported by CSE. Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980); Brown v. Griffin, 229 So.2d 225 (Fla. 1969).
Hicks concedes that there is no proof in the record of a causal relationship between the accident and her heart condition. We, therefore, affirm on this issue.
JOANOS and BARFIELD, JJ., concur.