WIGGINTON, Judge.
Appellant appeals the deputy commissioner’s order finding employer/carrier not responsible for the medical bills of Dr. Merritt, a chiropractor, failing to authorize Dr. Merritt to treat appellant in the future and finding that appellant did not sustain a permanent impairment. Appellees, employer/carrier, cross-appeal the deputy commissioner’s finding that appellant reached maximum medical improvement on November 19, 1984, and his award of temporary total disability benefits from June 19 through November 19, 1984. We reverse and remand for entry of a new order making consistent findings.
On March 30, 1984, appellant sustained a back injury in a work related accident. His treating neurologist, Dr. Pineiro, declared that he reached maximum medical improvement on June 18, 1984, with no permanent impairment, and released him to return to work with no restrictions. Appellant testified that he had no confidence in Dr. Pinei-ro, who had provided him no relief from pain.
Although appellant never requested authorization of another doctor nor did he place employer/carrier on notice of his need for further treatment prior to the filing of his claim in October 1984, Dr. Merritt treated appellant from June through December 1984. He declared that appellant reached maximum medical improvement on November 19, 1984, with a 25 percent permanent impairment to the body as a whole. He also found that appellant was unable to work during the period in which he treated him and he felt that appellant never would be able to work again in his occupation as a fruit picker. Appellant testified that Dr. Merritt’s treatment was beneficial.
Dr. Merritt referred appellant to Dr. Feldman, an orthopedist, who saw appellant one time, on November 29, 1984. He was of the opinion that appellant needed to undergo certain tests. He felt that appellant was not able to pick fruit at the time he saw him in November 1984 or at the time of the taking of his deposition in June 1985.
The deputy commissioner accepted Dr. Pineiro’s June 18, 1984, opinion as to appellant’s permanent impairment and found no permanent impairment. However, although he found employer/carrier not responsible for the unauthorized treatment by Dr. Merritt due to appellant’s failure to request employer/carrier to provide him treatment by another doctor, he found Dr. Merritt to be most familiar with appellant’s condition after June 18, 1984. He therefore accepted Dr. Merritt's opinion that appellant remained temporarily totally disabled until November 19, 1984, which he found to be appellant’s maximum medical improvement date.
Both parties have challenged the deputy commissioner’s findings in regard to permanent impairment and maximum medical improvement thereby illuminating the fact that his findings on those issues are totally inconsistent when read together and not in accord with any medical evidence. To have bifurcated his findings on those particular points in this case, and, in so doing, to have rejected the very basis upon which each of the two findings rested, renders the whole order inconsistent with the record evidence. Therefore, we feel compelled to reverse and remand to the deputy commissioner for entry of an order making consistent findings on these points. Since the balance of the deputy commissioner’s order may be disturbed by this reversal and remand, we also remand for a review of the entire order on appeal based upon the present record.
REVERSED AND REMANDED.
SMITH and JOANOS, JJ., concur.