WENTWORTH, Judge.
Appellant, the claimant, seeks review of a workers’ compensation order by which her claim for psychiatric care and treatment, permanent partial and permanent total disability benefits, and attorney’s fees and costs was determined to be barred by principles of res judicata and estoppel by judgment. Appellant raises two issues on appeal: 1) whether the deputy commissioner erred in finding her claim barred on grounds of res judicata and estoppel by judgment; and 2) whether the deputy commissioner erred in finding that even if appellant had filed a petition for modification rather than a new claim, the petition also would have been barred. We find that because no effective date of maximum medical improvement was ever established in this case, and appellant’s claim for psychiatric care and treatment was never adjudicated, the claim is not barred by principles of res judicata or estoppel by judgment. We therefore reverse the order.
Appellant suffered a compensable accident May 1, 1978. Appellees, the employer/carrier, paid permanent partial disability benefits for appellant’s total loss of hearing in her right ear. Appellant on August 24, 1983, filed a claim for medical benefits for a subsequent heart condition, and for additional permanent impairment or wage loss benefits. In that claim, appellant stated that her injury had caused “anxiety *1172 neurosis later causing angina pectoris, diverticulosis, coronary artery disease, small hiatal hernia with reflux, hypokalimia, status and post heart attacks.” In a February 28, 1984, order, the deputy commissioner denied the claim, finding no causal connection between appellant’s industrial accident and her heart condition. Following an appeal of that order, this court affirmed the denial of benefits but remanded the case “for the purpose of determining MMI,” finding that the deputy commissioner had erred in failing to determine that issue. Hicks v. Putnam County School Board, 464 So.2d 232 (Fla. 1st DCA 1985). At the hearing on remand, appellant attempted to raise the issue of a psychological component to her original injury, and proffered testimony of a psychologist. In a December 30, 1985 order, the deputy commissioner determined that appellant’s date of maximum medical improvement was April 29, 1980, according to a report by Dr. Bruce R. Witten, the physician who had treated appellant for her original ear injury. The deputy commissioner stated in the order that the proffered testimony of the psychologist was “not within the realm of the issue presented by the original claim, by the claim as it was presented at the initial hearing, or by the opinion of the First District Court of Appeal,” and concluded that that testimony was not a proper subject for consideration by the court for purposes of that order and “is not considered for purposes of this order.”
Appellant on February 5, 1986, again claimed psychiatric care and treatment, permanent total disability benefits, permanent partial disability benefits and attorney’s fees and costs. The deputy commissioner on June 6, 1986, entered an order finding the claim barred on grounds of res judicata and estoppel by judgment. Regarding appellant’s claim for psychological care and treatment, the deputy commissioner stated that “the potential claim for psychiatric injury, as well as medical and other benefits related thereto, was clearly envisioned when the employee filed her original claim of August 24, 1983, as demonstrated by the wording of her claim for benefits. The fact that the claimant did not choose to present any evidence of psychiatric injury and for benefits associated therewith when a hearing on the merits was held on her original claim is not a basis for allowing her to do so at this time.” The deputy commissioner found also that the claim for permanent impairment benefits and wage loss was litigated at the hearing on the August 24, 1983, claim.
The order of December 30, 1985, entered upon remand of the case to the deputy commissioner and not appealed, failed to determine a date of maximum medical improvement within the statutory meaning because it expressly excluded consideration of the claimed psychiatric conditions as “not within the realm of the issue presented by the original claim ... as it was presented at the initial hearing, or by the opinion” on appeal. The sole factual basis for the deputy commissioner’s determination of the date of maximum medical improvement in that order as April 29, 1980, was the report of Dr. Bruce R. Witten, the doctor who treated appellant for her original ear injury.[1] The absence of an appeal from that order does, of course, accord finality to its expressed terms, but only within the confines of its expressed reservations as to the nominal MMI date then fixed.
In addition, the orders of December 30, 1985, and June 6, 1986, appear to be facially inconsistent. In the December 30, 1985, order, as already noted, the deputy commissioner refused to consider appellant’s proffered psychological testimony or to rule on *1173 her entitlement to psychological care and treatment, finding that claim was not within the realm of the original claim, the claim as it was presented at the initial hearing, or by the opinion of the First District Court of Appeal.[2] However, in the order of June 6, 1986, the deputy commissioner found the claim for psychological care and treatment barred on grounds of res judicata and estoppel by judgment, stating that that claim was “clearly envisioned ... by the wording of her claim” (e.s.) as originally filed, and was waived by failure to present evidence at the original hearing.
Because we find the order of December 30, 1985, expressly excluded the claimed psychological injury from its determination of MMI, it did not comply with the mandate of this court requiring a determination of that issue, and because the ensuing order errs in finding limitation of that requirement by waiver and estoppel, we reverse on that basis and do not reach appellant’s second issue on appeal.
The order is reversed and the cause remanded for further consistent proceedings.
MILLS and BARFIELD, JJ., concur.

. As to the claimant’s stipulated position: "Claimant has not reached MMI per Dr. Witten,” we are unable in the context to impute, as the deputies did, a waiver of all other issues and evidence bearing on MMI. Nor does the stipulation assert "that the issue of MMI depended upon the opinion of Dr. Witten” solely, or agree to confine "that issue to a physical determination ‘per Dr. Witten’ ” as it was improperly construed by the order before us. In literal terms, the stipulation simply asserts claimant has not reached MMI and references the specified doctor in support of the "stipulated” position, without elaboration. On remand the deputy clearly had authority to determine, on the record or other evidence as necessary, that MMI as contemplated by the statute had or had not been proved.

. The emphasized language, whether or not it was correct, requires construction of the order as one not purporting to dispose of all issues necessary for MMI determination under the statutory standards, i.e. to include all injuries encompassed by the claim.