BOOTH, Judge,
dissenting.
The competent, substantial evidence of record supports the benefits sought; there is no substantial evidence to the contrary. We should, therefore, reverse the deputy’s order insofar as it denies reimbursement for Dr. Byrd’s services.
Claimant produced the testimony of Dr. Byrd, a medical doctor specializing in psychiatry, who saw claimant on April 23, 1986, and on six occasions thereafter. This doctor evaluated and treated claimant for adjustment disorder and depression related to his painful crush injury to his arm and the lack of improvement in his condition. This doctor testified at the hearing that claimant’s condition was related to the industrial accident of February 3, 1985, which occurred when a pin setting machine in a bowling alley where claimant was employed, grabbed his arm and drew it into the machine through a ⅛-inch opening. Dr. Byrd described the treatment given during the period at issue and the fact that statements and reports were submitted to the employer/carrier (E/C). The E/C refused to authorize Dr. Byrd because the treating orthopedist, Dr. Rogers, reported that no evaluation or treatment was required.
Dr. Byrd was the only expert in the psychiatric field to testify, the only witness to treat claimant for his psychiatric condition during the period in question, and the only expert to testify live at the hearing. The deputy does not expressly reject this testimony but chooses to rely on the evidence of Dr. Rogers. Dr. Rogers’ evidence consists of three “check marks” on a form furnished by the E/C dated April 21, 1986. These checks mark the “no” line beside the three printed “yes or no” questions on need for psychiatric evaluation or treatment and causation by the industrial accident.[1]
The E/C also entered the depositions of surgeons Drs. Dell and Ramadan. The testimony of these experts, however, was supportive of claimant. Both testified to an earlier need for psychiatric evaluation and/or treatment.[2]
Dr. Dell, an orthopedic surgeon who had treated claimant since July 1986, reported on September 17, 1986, that psychiatric care was a very appropriate step and that claimant needed psychiatric care because of the nature of his chronic pain, stating:
It would be my impression that seeking psychiatric care would be a very appropriate step, certainly at this point, if not earlier. It is my feeling that many individuals with chronic pain syndrome require assistance from a psychiatrist after dealing with their problems for long periods of time. [3][3]
In a subsequent report, November 25, 1986, Dr. Dell expressly recommended Dr. *426 Byrd as the specialist to provide necessary care.
Dr. Ramadan, a surgeon and an associate of Dr. Rogers, testified by deposition on November 24, 1986, that claimant should receive psychiatric evaluation. He could not recall recommending psychiatric care earlier but believed, in retrospect, psychiatric evaluation would have been a good idea in May 1986. Ramadan reached this conclusion after reviewing his and Dr. Rogers’ office notes covering the period at issue here.[4]
The overwhelming evidence supports the claim for psychiatric evaluation in May of 1986, when claimant requested it. Dr. Rogers’ report, regardless of competency, is wholly lacking in substance and is inconsistent with the testimony of his associate, Dr. Ramadan, as well as that of Dr. Dell and Dr. Byrd.
It is now conceded that evaluation is required as of October 1986, and the deputy so found. The selection of that date, however, is quite arbitrary since the E/C’s own witnesses indicated an earlier date, and the circumstances giving rise to the need for this medical service existed earlier, as shown by the medical reports. In the recent case of Alan McLeod Funeral Home v. Cooksey, 527 So.2d 253 (Fla. 1st DCA 1988), evidence showed that the condition requiring the requested medical service existed before it was diagnosed by the doctors. That case holds that even where no doctor directly testified claimant was temporarily totally disabled during the six-month period at issue, such testimony was not required where the subsequent diagnosis indicated that the condition (herniated disc) existed earlier and it was illogical to assume that the symptoms somehow abated during the period at issue. Here, there was testimony from three doctors supporting the earlier existence of need for psychiatric evaluation and care. The explanation of claimant’s condition and its relation to the serious accident and its consequences, make it illogical to assume that the condition did not exist during the period at issue.
I would reverse and remand for award of psychiatric care for appellant from April through October 1986 and for reconsideration of other issues on appeal in accordance therewith.

. Record p. 323.

. There was no objection by either side to the testimony of any of the non-psychiatrists on the ground of incompetence to testify as to claimant’s psychiatric condition.

.Record p. 468.

. Record pp. 395-396, 397.