538 So.2d 545 (1989)
Morgan Eugene AYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1906.
District Court of Appeal of Florida, First District.
February 17, 1989.
Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This appeal was brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the judgment and sentence imposed. Although we note that a motion for post-conviction relief has been filed, since the record in this appeal had been transmitted, the trial court did not have jurisdiction to act on the motion. Bryant v. State, 442 So.2d 309 (Fla. 5th DCA 1983). Moreover, ineffective assistance of trial counsel may not be raised for the first time on direct appeal and the issue of the voluntariness of the guilty plea cannot be raised on direct appeal unless appellant has first made a motion to withdraw the plea in the trial court. Both issues may be raised by a properly filed motion for post-conviction relief. McKelvin v. State, 497 So.2d 951 (Fla. 1st DCA 1986). Accordingly, we affirm the judgment and sentence without prejudice to appellant's raising these issues in a subsequent motion for post-conviction relief.
However, we agree with appellant that the trial court erred in imposing court costs without notice in the amount of $1,775, to be paid as a condition of probation. Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984). Consequently, we strike the cost provision without prejudice to the State to seek reassessment after proper notice to appellant. Fanning v. State, 537 So.2d 197 (Fla. 2d DCA 1989).
AFFIRMED, in part, REVERSED, in part, and REMANDED, for further proceedings.
WENTWORTH and THOMPSON, JJ., concur.