538 So.2d 545 (1989)
COURTESY CORPORATION and Adjustco, Inc., Appellants,
v.
Wayne HOLLAND, Appellee.
Wayne HOLLAND, Appellant,
v.
COURTESY CORPORATION and Adjustco Insurance Company, Appellees.
Nos. 87-1912, 88-1447.
District Court of Appeal of Florida, First District.
February 20, 1989.
*546 David A. McCranie of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellant/appellee Courtesy Corp. and Adjustco, Inc.
Stephen Marc Slepin of Slepin & Slepin, Tallahassee, for appellee/appellant Wayne Holland.
ERVIN, Judge.
These two consolidated cases are before us for review of two different orders entered in the same workers' compensation case. The employer/carrier (E/C) appeals from the first order entered on November 3, 1987, awarding permanent total disability (PTD) benefits to claimant Wayne Holland. Claimant seeks review of the second order rendered on June 13, 1988, denying his request for a lump-sum advance of the PTD benefits awarded to him under the first order. We reverse and remand for additional findings as to the first order and affirm as to the second.
Claimant sustained injuries in two separate and unrelated industrial accidents. The first accident, a slip and fall, occurred on March 3, 1983, while claimant was employed by Courtesy Corporation as a service manager, and resulted in a head injury and brain damage. The second accident occurred on May 24, 1986, causing an injury to claimant's back, while he was working as a service manager for Regency Toyota. Despite his back injury, Holland's claim for PTD benefits was sought only for his 1983 accident. Claimant was subsequently examined by several doctors, including Dr. Stillman, a psychiatrist with a neurological background, who opined that claimant, as a result of the 1983 accident, suffered from (1) organic brain syndrome, including defects in memory, intellect and frustration tolerance; (2) post-traumatic stress disorder; (3) post-traumatic headaches; and (4) a seizure disorder, leaving him with a 65 percent psychiatric impairment to the body as a whole. He also doubted that claimant had any ability to hold a job, except as an act of charity on behalf of any employer.
At the time of the claim hearing in October 1987, claimant was still undergoing treatment for his back injury and there was evidence, in the form of a letter from claimant's treating chiropractor, that claimant was 100 percent disabled as a result of the second accident. The deputy, however, rejected that evidence, based upon his finding that such a disability rating did not comport with reason and logic, apparently on the basis that claimant had lost no time from his work following the second injury. He instead found that claimant was PTD solely as a result of his first industrial accident, and that he had achieved maximum medical improvement as of December 8, 1986, the date of Dr. Stillman's report finding claimant 65 percent permanently impaired. Although competent, substantial evidence supports the deputy's rejection of the 100 percent disability rating arising from claimant's back injury, the order awarding PTD benefits for claimant's head injury lacks sufficient findings to support an affirmance of that award.
It is the E/C's contention that the claimant has failed to establish that he is "not able uninterruptedly to do even light work due to physical limitation." § 440.15(1)(b), Fla. Stat. (Supp. 1982). Certainly, the record indicates that claimant was employed for substantially all of the four-year period following *547 his first industrial accident.[1] While the deputy has made the ultimate finding that claimant cannot compete in the open labor market, the order fails to set forth any specific findings in connection with claimant's employment history that would support an award of PTD benefits. Not only are certain findings omitted, but the order also contains contradictory statements regarding claimant's employment.[2] Because the order lacks sufficient findings and contains inconsistent statements, we reverse the order of November 3, 1987, and remand to the deputy for further findings. See Soloman v. Chance Harvesting Co., 489 So.2d 195 (Fla. 1st DCA 1986) (order containing inconsistent findings required reversal and remand for entry of order with consistent findings); Hicks v. Putnam County School Bd., 464 So.2d 232 (Fla. 1st DCA 1985) (reversal and remand necessary when deputy failed to set forth findings of fact enabling appellate court to determine how the deputy reached her conclusion, and if it was supported by competent, substantial evidence). On remand, the deputy, among other things, should address the question of whether claimant's work history for four years following the critical industrial accident was sheltered. He should also determine whether the claimant's failure to conduct a job search following his employment can, under the circumstances, be excused. The deputy should also explain the rationale behind his finding that claimant has demonstrated, based upon his employment efforts following his 1983 industrial accident, that claimant is unable to "compete in the open labor market."
Addressing Holland's appeal from the order of June 13, 1988, denying claimant a lump-sum advance from his PTD award, because the entitlement to PTD benefits was appealed, no basis for such an advance exists. See Fla.W.C.R.P. 4.161(b). We therefore affirm that order.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings, including the taking of additional evidence if, in the deputy's discretion, such is required.
SMITH, C.J. and NIMMONS, J., concur.
NOTES
[1] Although claimant sustained his head injury on March 3, 1983, he returned to work with his employer, Courtesy, in April 1983, and continued to work in the same capacity until his discharge in May 1984. Thereafter he obtained employment with two other automobile dealerships as a service manager and a service writer, both employments ending with his termination after only a few months. In late 1984, he secured employment with Seminole Toyota. He continued to work at the Toyota dealership, which was bought out by Regency in April 1986, until he was discharged from that employment in August 1986. Claimant then obtained a position as a salesman with Quincy Marine in September 1986. He continued to work in that capacity until April 1987, and remained unemployed thereafter.
[2] On page 2 of the order, the deputy states that "claimant has not been employed since August 1986... ." However, on page 4 of the order, the deputy states, "James F. Haddon is manager of Quincy Marine. He hired the claimant in September 1986 as a salesman. The claimant worked through April 1987... ."