ZEHMER, Judge.
The employer and carrier appeal a workers’ compensation order awarding claimant temporary partial disability (TPD) benefits, wage loss benefits, and costs, and reserving jurisdiction to determine entitlement to and amount of attorney’s fees. We reverse and remand for specific findings of facts on several material facts in dispute.
On September 6, 1984, while working for the employer as a toll collector, the claimant injured her low back when a truck ran into a toll booth where she was working. Claimant received treatment from an ortho-paedic surgeon and returned to her previous position with the employer on January 7, 1985. On December 30, 1985, while working for the employer in the same position, claimant again injured her back while handling a heavy money box. Claimant received treatment for this injury by the same orthopaedic surgeon and returned to her previous position on February 3, 1986. On April 30, 1987, more than a year later, claimant retired from her position with Department of Transportation and started her own business.
Claimant apparently filed a claim for TPD benefits from May 1987, costs, penalties, interest and attorney’s fees.[1] A* hearing was held on December 7, 1987. On February 15,1988, the Judge of Compensation Claims entered an order ruling that claimant was not entitled to TPD benefits from May 1987 to the date of the order, nor payment of costs, penalties, interest or attorney’s fees by the employer and carrier. Among other things, the Judge found that any reduced earnings that claimant may have had after leaving her employment with the employer were not attributable to the industrial accident, but rather due to claimant’s desire to start her own business, and that claimant had not performed a good faith job search to find other employment since starting her own business. In this February 15, 1988, order, the Judge specifically found that:
the reason the claimant stopped working for the State of Florida was to open her own store in the Winter Garden area and was not due to her industrial accident. The claimant was able to work through April, 1987, which allowed her state retirement benefits to become vested. The undersigned specifically finds that it was the vesting of her retirement and desire to start her own store which caused the claimant to retire from her job with the State and not her back injury.... The undersigned specifically finds that claimant could have continued in her employment with the State of Florida and that *1378 she chose to quit that job for reasons unrelated to her injury.
Claimant subsequently filed an undated “amended” claim[2] for benefits seeking TPD benefits, wage loss benefits, costs, interest, penalties, and attorney’s fees. This claim does not indicate the specific period or periods for which benefits are claimed. At a hearing held on June 13, 1990, the employer and carrier argued that the February 15, 1988, order was res judi-cata in respect to many if not all the issues raised by this claim. On August 1, 1990, the Judge entered an order awarding claimant TPD benefits from January 7, 1988, through August 29, 1988, wage loss benefits from August 30, 1988, through March 17, 1990, and interest and costs. The order reserved jurisdiction to determine entitlement to and amount of attorney’s fees.
The employer and carrier appealed that order, and on December 5, 1990, this court filed an opinion reversing the August 1, 1990, order of compensation and remanding the cause for a hearing de novo because the tape recording of the hearing was blank and the record on appeal could not be transcribed. Department of Transportation v. Brown, 570 So.2d 1105 (Fla. 1st DCA 1990). On March 19, 1991, after conducting the de novo hearing, the Judge entered an order ordering the employer and carrier to pay claimant: TPD benefits from January 7, 1988, through August 29, 1988, with appropriate interest, in one lump sum; wage loss benefits from August 30, 1988, through December 23, 1990, with appropriate interest, in one lump sum; and costs. The order also reserved jurisdiction to determine the entitlement to and amount of attorney’s fees at a separate fact-finding hearing. In the order, the Judge specifically found that the employer’s and carrier’s defense of res judicata regarding the February 15, 1988, order was not applicable because entitlement to wage loss benefits is not determined on a biweekly basis and failure to qualify for one period does not necessarily preclude benefits for subsequent periods. The Judge also found that claimant was entitled to TPD and wage loss benefits because her inability to earn as much as she earned at the time of her industrial injury[3] is due to physical limitation related to her industrial accident. This ruling was based on claimant’s testimony that, as a result of her industrial injury and physical condition, it was necessary for her to seek employment within her restrictions, thus limiting her income; that she is physically unable to perform certain activities, which coincide with the restrictions placed on her by her former treating physician; and that while working full-time in either self-employment or for others, she was performing a job search and attempting to find work within her restrictions. The Judge also found that it was unnecessary for claimant to perform a job search during the periods of time that she worked full-time in self-employment or for others, “[i]n that, Claimant has had a job during this time period, this Court finds that she is considered to have performed the equivalent of a work search.”
The employer and carrier raise three points for reversal. They argue that the doctrine of res judicata prohibits the JCC from finding in the order on appeal that claimant’s physical restrictions caused her to leave her position with the employer, because the Judge had previously found in the February 15, 1988, order that claimant left her employment with the employer, not because of her injuries in the industrial accidents, but because her retirement benefits had vested and she wanted to start her own business. They argue that the awards of TPD and wage loss benefits are not supported by competent, substantial evidence showing that claimant’s loss of earnings is connected to the effects of her industrial injury, or that claimant is unable to perform any of the jobs that she left, or that claimant has undertaken a good faith job search and is unable to find higher paying employment due to her restrictions.
*1379 Section 440.25(3)(e), Florida Statutes (1989), provides that orders of compensation “shall set forth the findings of ultimate facts and the mandate.” On the authority of this statutory requirement, it has been necessary on occasion for this court to reverse and remand compensation orders for more specific findings when the appealed orders failed to set forth findings of facts in sufficient detail to enable this court to determine how the Judge reached his or her conclusion, omitted certain findings, lacked sufficient findings, or contained contradictory statements. See, e.g., Hicks v. Putnam County School Board, 464 So.2d 232 (Fla. 1st DCA 1985); Courtesy Corporation v. Holland, 538 So.2d 545 (Fla. 1st DCA 1989). Reversal has been required where orders failed to make detailed and specific findings in connection with the nature of a claimant’s work search in light of all the existing circumstances of the case, Hunley v. A.D. Weiss Lithograph, 489 So.2d 1206 (Fla. 1st DCA 1986), or in connection with the claimant’s employment history to support an award of permanent total disability benefits, Courtesy Corporation v. Holland, supra.
The order presently under review fails to satisfy the requirements of section 440.-25(3)(e) in a number of ways. The order fails to state the date on which the amended claim was filed and the periods for which the claimant was claiming temporary partial disability benefits and permanent disability wage loss benefits. The present order appears to contain findings that are inconsistent with certain findings previously made in the February 15, 1988, order in respect to the reasons claimant left her employment with the state and her ability to perform work consistent with her physical limitations which provided her with earnings at least equal to those being earned when she retired to enter upon her private business, and does not sufficiently explain the basis for reaching such different conclusions. The present order states that claimant was self-employed and worked for others during the period for which benefits were awarded, but the order fails to identify the dates on which claimant was employed in those various positions and the income she earned in such employment. The order omits any reference to the fact that the record and the prior compensation order indicates that during the periods for which benefits were awarded claimant also owned a cleaning business in which she alone worked and which she closed in October 1988. The order states claimant testified that after retiring from DOT, she continued to perform some job searches while working full-time either for herself or for others, but the order fails to identify the nature, extent or dates of the job searches; in particular, the order does not identify the periods during which the job search was conducted, whether claimant searched for jobs within her restriction, the geographical scope of the job search, and the results thereof. In sum, the order fails to make findings of fact on the various matters in dispute in sufficient detail to enable this court to accord the appellate review contemplated by section 440.271.
Therefore, we find it necessary to reverse and remand for specific findings of fact on the material matters in dispute, again without reaching the merits of appellants’ points on appeal.
REVERSED AND REMANDED.
SHIVERS and MINER, JJ„ concur.

. That claim form is not part of the record on appeal, and neither the record nor the compensation order on appeal indicates the date on which the claim was filed.

. The claim form is undated, and neither the order on appeal nor the record indicates the date on which that claim was filed.

. The order refers to the back sprain suffered on September 6, 1984, but is silent as to the subsequent injury on December 30, 1985.