593 So.2d 610 (1992)
FLORIDA SHEET METAL and Claims Center, Appellants,
v.
Edwin STIFFLER, Appellee.
No. 91-00490.
District Court of Appeal of Florida, First District.
February 14, 1992.
Rehearing Denied March 17, 1992.
Michael Wall Jones, B.C. Pyle, P.A., Orlando, for appellants.
Richard R. Roach, Lakeland, and Bill McCabe, Longwood, for appellee.
PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC) awarding temporary partial wage-loss benefits for the period May 2, 1989 through August 14, 1989, and wage-loss benefits for the periods August 14, 1989 through September 1, 1989, and October 14, 1989 through November 29, 1991. We affirm without discussion the award of temporary wage-loss benefits. However, the award of wage-loss benefits merits discussion.
On June 6, 1988, claimant was injured in a work-related accident, resulting in a five-percent permanent impairment. On May 11, 1989, claimant returned to work at Florida Sheet Metal but was terminated on August 29, 1989, due to excessive absenteeism. In March of 1990, claimant was rehired by Florida Sheet Metal but was again terminated for excessive absenteeism. Claimant reached maximum medical improvement (MMI) on August 14, 1989.
Lynn McCoy, a licensed rehabilitation provider, was hired by Florida Sheet Metal to assist claimant in obtaining employment. She testified that claimant was unwilling to accompany her on job searches and did not cooperate in her efforts to locate employment. Ms. McCoy supplied 71 different job leads within claimant's restrictions and offered transportation to conduct the search. Claimant contacted 14 of these prospective employers. For the period following MMI, claimant contacted approximately 29 potential employers, with most contacts occurring in October 1990.
After final hearing, the JCC found that: [C]laimant has made efforts to find employment as demonstrated by his job search and wage loss claim forms submitted into evidence. I find that the job search and the wage loss claims have been submitted after a good faith job search in light of the claimant's entire picture. I have observed the claimant in the trial and he presents a picture of some physical limitation and pain in accordance with the assignment by his physicians.
... .
The claimant is poorly educated and appears in court to be almost retarded.
The employer has terminated the claimant and the claimant has made a good faith job search since termination.
*611 The foregoing order is ambiguous, in that it fails to state the basis on which the JCC determined that claimant had completed a good-faith work search for the period in question. Grace v. Collier County School Board, 552 So.2d 961 (Fla. 1st DCA 1989) (order must be reversed if reviewing court cannot determine whether JCC considered all circumstances relating to adequacy of work search); Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988). Therefore, we must reverse and remand for findings sufficient to afford effective appellate review.
Accordingly, we affirm in part, and reverse and remand for further proceedings consistent herewith.
BOOTH, WOLF, and KAHN, JJ., concur.