SMITH, Senior Judge.
Upon consideration of the record and the briefs in this workers’ compensation appeal, we are of the view that the Judge of Compensation Claims (JCC) did not err in relying upon the opinion of claimant’s second physician regarding claimant’s physical condition and restrictions as the basis for award of temporary partial disability (TPD) during the period February 21, 1992, through January 10, 1993, notwithstanding claimant’s first physician had found claimant at MMI before the commencement of that period, and had released claimant to work with no restrictions. Although the second physician did not examine the claimant during the disputed period, it is clear from his testimony that his opinion as to the claimant’s condition and its causal relation to her industrial accident was based upon several factors, including the continued existence of the physical symptoms the claimant exhibited when first released to work by her first physician; the subsequent MRI test results revealing protruding degenerative discs at C5-6 and C6-7 levels; and the physician’s own physical examination and assessment of the claimant’s condition a few days after the end of the disputed period. Both the record evidence and the findings made by the JCC explain the JCC’s rejection of the earlier MMI date found by the first physician and his acceptance of the second physician’s opinion that claimant reached MMI on February 16, 1993. See Alan McLeod Funeral Home v. Cooksey, 527 So.2d 253 (Fla. 1st DCA 1988) (where medical evidence and claimant’s own testimony indicated claimant’s inability to work had not changed during disputed period, award of TTD was not erroneous even though no doctor testified directly that claimant could not work during that period); Kenney v. Juno Fire Control Dist., 506 So.2d 449 (Fla. 1st DCA 1987) (it was error for the JCC to refuse to accept examining physician’s testimony that claimant was TTD for period during which claimant was not under doctor’s care, where between time claimant was released by first doctor as having reached *1134 MMI with no impairment and was returned to examining physician, claimant’s complaints of pain had not changed and were later confirmed by CAT scan revealing degenerative discs requiring surgery).
Despite our agreement with the ap-pellee-claimant’s contention that the JCC did not err in his evaluation of the medical evidence, we are compelled to reverse the award of TPD, and to remand for further findings. In Stacy v. Venice Isles Mobile Home Park, 635 So.2d 1039, 1042 (Fla. 1st DCA), rev. denied, 645 So.2d 455 (Fla.1994), this court held that under the amended version of subsection 440.15(3)(b)2., Florida Statutes (1991), the claimant’s burden to demonstrate entitlement to temporary disability benefits may be met by evidence that due to physical limitation, the claimant is unable to do light work uninterruptedly, or with evidence of a good faith, albeit unsuccessful, work search. While we have agreed with the claimant’s position, as above noted, that the JCC did not err in interpreting the medical evidence, the JCC’s order recites only that the claimant was “temporarily partially disabled” during the period in question, and that “her physical restrictions were at least a partial cause of her post-injury reduction in earnings.” We note the absence of medical evidence or findings to the effect that because of her physical limitations, the claimant was unable to do light work uninterruptedly. That being the case, it was incumbent upon the claimant to establish her temporary partial disability by evidence of a good faith work search. K-Mart v. Young, 526 So.2d 965 (Fla. 1st DCA 1988); Xerographics and Claims Center v. Bender, 558 So.2d 514 (Fla. 1st DCA 1990).
Regarding the claimant’s work search, the JCC’s order recites only that the claimant “submitted temporary partial wage loss form in a reasonably prompt manner, in light of all of the circumstances, and looked for employment in a good faith manner.” This recital does not meet the standard established by prior case law with respect to the requirement of a good faith job search.
In Department of Transportation/State of Florida v. Brown, 589 So.2d 1376 (Fla. 1st DCA 1991), the JCC’s order stated that it was unnecessary for the claimant to perform a job search during the periods of time after the accident that she worked full-time in self-employment or for others, in that the claimant had a job during that time period, and the court found that “she is considered to have performed the equivalent of a work search.” On appeal, this court reversed and remanded for specific findings, holding that the order failed to satisfy the requirements of subsection 440.25(3)(e), Florida Statutes, in a number of ways, among them: that the order failed to identify the dates on which the claimant was employed in the various positions; the income she earned in such employment; and the nature, extent, geographical scope, and dates of the job searches she performed while working full-time either for herself or for others. In a similar case, Florida Sheet Metal v. Stiffler, 593 So.2d 610 (Fla. 1st DCA 1992), the E/C appealed an order containing these findings:
[CJlaimant has made efforts to find employment as demonstrated by his job search and wage loss claim forms submitted into evidence. I find that the job search and wage loss claims have been submitted after a good faith job search in light of the claimant’s entire picture.
The order contained other findings regarding the claimant’s appearance of having some physical limitations, his poor education, and apparently retarded condition. This court reversed and remanded for further findings, holding that the order was ambiguous because it failed to state the basis upon which the judge determined that claimant had completed a good faith work search for the period in question. Id. at 611. Because we find that the appealed order in the case before us contains some of the same deficiencies found to exist in the above cases, we reverse and remand for further findings.
AFFIRMED in part, REVERSED in part, and REMANDED for findings in accordance with this opinion and decision.
ALLEN and DAVIS, JJ., concur.